DEBORAH F. SIRIAS, SB# 102893
E-Mail: sirias@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

NOTE: CHANGES MADE BY THE COURT

Attorneys for Defendants WEST COAST GRASS DISTRIBUTORS, LLC and PATRICK BROKAW

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEST COAST TURF, a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> WEST COAST GRASS DISTRIBUTORS, LLC, a California limited liability company; PATRICK G. BROKAW, an individual; and DOES 1-10 inclusive. <br><br> Defendants. | CASE NO. SACV10-1030 DOC (RNBx) <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> ACTION FILED: July 7, 2010 |

The Court has considered the Stipulated Protective Order between Defendants West Coast Grass Distributors, Inc. and Patrick G. Brokaw and Plaintiff West Coast Turf (the "Parties").

Finding good cause therefor, the Court hereby approves the Stipulated Protective Order and orders that a Protective Order be entered in this case as follows:

**STATEMENT OF GOOD CAUSE:** This action involves claims for, *inter alia*, trademark infringement and unfair competition. The parties, who are vendors of artificial and real turf and related products and services, are direct and/or indirect

4811-9728-2823.1

competitors of each other. A primary element of this case is related to Plaintiff's claim that because of Defendants' alleged wrongful acts, the public has been confused as to source of the Parties' products and services and Plaintiff has allegedly lost substantial business relating to its trademarked products and services. The parties therefore recognize that extensive discovery requesting information from the parties, their vendors, customers and clients, including financial information, market information and other commercially and competitively sensitive information may be necessary to prove and/or disprove Plaintiff's claims and Defendants' defenses thereto. There will also be multiple depositions of the parties' employees or agents and third party vendors, customers or clients and such persons will likely be asked to answer questions on these potentially sensitive subject areas. The parties, as competitors in the industry, will likely be placed at a competitive or economic disadvantage if such confidential and/or proprietary information is disclosed to other parties and/or the public at large. This protective order ("Protective Order" or "Order") is therefore necessary to avoid any prejudice or harm in the form of loss of competitive advantage which would likely result if such information was disclosed in the absence of the protections set forth herein. This Order is also necessary for the orderly management of this litigation. Without this Order, the exchange of party information, as well as information needed from third parties, including most importantly the parties' vendors, customers or clients may become logistically very difficult, time consuming and expensive.

**A.     Definition of "Confidential Information"**

1.      "Confidential Information," as used herein, means all information in whatever form, such as oral, written, documentary, tangible, intangible, electronic, or digitized now or hereafter in existence that:

(a) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means, by 2 other persons who can obtain economic value from its disclosure or use;

1  (b) is the subject of efforts that are reasonable under the
2 circumstances to maintain its secrecy; and
3  (c) is otherwise regarded by a party as being confidential,
4 private, pr proprietary in nature.
5  2. Confidential Information is unlimited in kind or form and
6 includes, by way of example only and without limitation thereto, information
7 relating to the following: any-products; designs, specifications, tests, plans, studies,
8 surveys, manufacture, distribution, marketing, promotion, advertisement, sales,
9 opportunities, vendors, customers, financial matters, costs, sources, prices, profits,
10 research, development, analysis, know-how, show-how, personnel, strategies, or
11 competition.

12  **B.  Production of Confidential Information**

13  1. All efforts by any party or witness in this matter to designate any
14 information as "Confidential," shall be governed by the terms of this Order. The
15 party by whom any disclosure is made is the "Disclosing Party" and the party to
16 whom any disclosure is made is the "Receiving Party." By receiving any property
17 designated as "Confidential," the Receiving Party agrees not to disclose, publish,
18 disseminate, or usc, other than as expressly permitted herein, any such property and
19 will assure that all reasonable efforts are made to prevent any unauthorized use,
20 disclosure, publication or dissemination of such property.
21  2. All Confidential Information produced by the Disclosing Party to
22 the Receiving Party in whatever form (e.g., documents, materials, things, testimony
23 or other information) during the course of this matter shall be designated
24 "Confidential" or "Confidential-Attorneys' Eyes Only" in accordance with the terms
25 of this Order, infra, prior to disclosure, by use of a reasonably conspicuous and
26 prominent mark. In the case of documents, the mark shall be on every page.

27  **C.  Levels of Confidentiality**

28  Any information designated as "Confidential" or "Attorneys' Eyes

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

Only" shall be restricted in accordance with the following levels of confidentiality:

    1.    "Attorneys' Eyes Only" Information designated as "Attorneys' Eyes Only" shall be restricted to viewing, or copying by, and disclosure to:

        (a) Attorneys acting on behalf of the parties in this matter;

        (b) The office personnel employed by the counsel working under the direct supervision of said counsel;

        (c) The United States District Court for the Central District of California and all clerks and other personnel in the United States District Court for the Central District of California, before which this action is pending; and

        (d) Experts and consultants necessarily retained by counsel of record in this litigation, but only if these experts and consultants comply with this agreement in full and read, sign, and agree to be bound by all of its terms.

    2.    "Confidential" Information designated as "Confidential" shall be restricted to viewing, copying by, and disclosure to:

        (a) All "Attorneys' Eyes Only" persons; and

        (b) All employees, officers, and directors of each party of record. It is not necessary that each such person sign this order, provided that the Receiving Party has previously notified all employees, officers, and directors of the existence of this order, its terms, and the consequences of an unauthorized disclosure.

### D. Depositions

1. Any party may designate testimony on oral deposition as "Confidential" or "Attorneys' Eyes Only". The designation of such testimony shall be made at any point during the deposition by so stating on the record and identifying the level of protection desired.

2. Once testimony has been designated as "Confidential" or "Attorneys' Eyes Only", only the following persons shall be present for the answer:

    i.    Persons authorized under this Order;

    ii.    The deponent; and

iii. The reporter and videographer.

3. Each court reporter and videographer participating in any deposition shall be provided with a copy of this Order and shall adhere to its provisions. Each court reporter must separately bind those portions of deposition transcript and related exhibits deemed confidential and shall further separate into separate bound deposition transcripts-by the various levels of confidentiality and shall thereon place a reasonably conspicuous and prominent designation on the first page of each such bound transcript or exhibits.

4. A deponent and/or party shall have until thirty (30) days after receipt of a deposition transcript to designate additional portions of the transcript under this Order.

5. Each party shall cause each copy of the transcript in its custody or control or that comes into its custody or control to be immediately marked as designated.

6. Prior to the expiration of the thirty (30) days, a deposition transcript and/or the substance of a deponent's answers may be disclosed only to those persons authorized to receive items designated as "Attorneys' Eyes Only" and the deponent.

E. **Items Filed with the Court**

1. When any documents, things, or testimony in whatever form is filed or lodged with Court that is designated as "Confidential" or "Attorneys' Eyes Only", they shall be maintained under seal with the United States District Court for the Central District of California, pursuant to this Order, in any appropriate court procedures, or as otherwise ordered by the Court. In so doing, they will be filed in a sealed envelope. The envelope will contain an indication of the general nature of the contents of the envelope, and shall have endorsed thereon the title and docket number of this action and a boldface label conspicuously placed on the front of the said envelope stating:

THIS ENVELOPE CONTAINS DOCUMENTS, THINGS, OR TESTIMONY WHICH ARE "CONFIDENTIAL" (OR "CONFIDENTIAL-ATTORNEYS' EYES ONLY") AND SUBJECT TO THE TERMS OF A PROTECTIVE ORDER OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA. IT IS NOT TO BE OPENED OR THE CONTENTS DISPLAYED OR REVEALED EXCEPT TO THIS COURT AND ITS STAFF.

2. To the extent practicable, designated items or the substance of designated items shall be filed separately or in severable portions of filed papers, so that non-designated items may be freely disseminated.

### F.  Inadvertent Disclosure

1. The inadvertent or unintentional disclosure of "Confidential" or "Attorneys' Eyes Only" or any other privileged or protected item, regardless of whether the item was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of protection or privilege either as to the specific information disclosed therein or on the same or related subject matter, provided that the party later asserting a claim of protection or privilege informs the opposing parties of its claim within a reasonable time after learning of the disclosure.

2. The Receiving Party shall promptly destroy, sequester, or return to the Disclosing Party any protected or privileged item discovered by the Disclosing Party to have been inadvertently or unintentionally disclosed to the Receiving Party upon being notified of the Disclosing Party's claim of protection or privilege. If the Receiving Party disclosed the protected or privileged item before being notified of the Disclosing Party's claim of protection or privilege, it must take reasonable steps to retrieve the item for destruction, sequestering, or return to the Disclosing Party.

### G. Acknowledgment of Order

Each person required by this Order to sign a statement agreeing to be bound by the Order must sign a statement to be delivered to and maintained by the Disclosing Party which states the following:

I have read the PROTECTIVE ORDER issued by the United States District Court for the Central District of California in the matter of *West Coast Turf v. West Coast Grass Distributors, LLC, et al.*, case number SACV10-1030 DOC (RNBx), regarding confidentiality of materials designated by the parties and their counsel. I understand and agree to be bound by the terms of this Order.

### H. Agreement of Parties to Order

All parties to this action, their counsel, and all other persons subject to this Order Shall be bound by this Order and shall abide by all of the terms of this Order until otherwise ordered by the United States District Court for the Central District of California, or by written notice releasing them from the respective obligations received from the pertinent Disclosing Party.

### I. Continuing Effect of Order

At the conclusion of this matter by lapse of all appeal right after entry of final judgment from which no further rights of appeal exist, or by settlement of this matter, each party shall promptly return to the other party all materials designated as confidential and shall thereafter continue to respect all obligations hereunder as to such designated materials. The Receiving Party shall not retain any copies of such materials for any purpose including archival without the express written consent of the Disclosing Party, except:

1. for archival purposes, the Receiving Party will be entitled to maintain a record by list or directory for the documents that were received and returned; and

2. outside counsel of record may retain bona fide work product pursuant to all obligations hereunder as to such designated materials.

### J. Additional Relief

No party is prevented from seeking relief not provided by this Order, or otherwise seeking relief from the United States District Court for the Central District of California, as may be appropriate to protect its interests or otherwise prepare this matter for trial.

### K. Use for This Litigation Only

1. Items designated under this Order shall not be used by any recipient or disclosed to anyone for any purpose other than in connection with the above-captioned action.

2. In the event that any party and/or recipient of Confidential Information pursuant to this Order is served with legal process or otherwise requested to disclose any Confidential Information (the "Disclosing Entity") by any person or entity not covered by this Order, including, without limitation, other insurance carriers, state, local or federal agencies, or litigants in other litigation (the "Requesting Entity"), the Disclosing Entity shall give notice thereof, by telephone and facsimile, as soon as practicable but in any event sufficiently prior to the requested disclosure to afford an opportunity to intervene for any party who may be adversely affected by the disclosure except to the extent that such notice is precluded by law.

### L. The Court's Concerns

The Court notes that it signs this Order with some reservations. The public has rights of access to court proceedings and these rights are hampered by sealing filings. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Further, sealing filings imposes burdens on the Clerk's Office and other aspects of court administration.

Often, protective orders are used unnecessarily, and usually there is an over-designation of confidential documents.  Attached as Exhibit A are comments by Magistrate Judge Robert Block concerning stipulated protective order issues.  The Court urges the parties to enhance their credibility by not improperly making designations of confidentiality.

**IT IS HEREBY ORDERED.**

DATED: October 19, 2010

By: *David O. Carter*
Honorable David O. Carter
United States District Court Judge

# EXHIBIT A

## Recurring Mistakes in Stipulated Protective Orders

1. Frequently, the parties do not make a sufficient showing of good cause as required by Fed. R. Civ. P. 26(c). Such showing should be made separate from the parties' stipulation regarding the terms of the proposed protective order.

2. Frequently, the proposed protective order does not define with sufficient particularity the kinds of information which will qualify a document for designation as "Confidential" and subject to protection under the terms of the protective order. For example, the proposed protective order does not limit the designation to information which has not been made public, or limit the designation to information which the party in good faith believes will, if disclosed, have the effect of causing harm to its competitive position. Sometime, the proposed protective order even purports to provide blanket protection for all documents, material and information produced or disclosed during discovery.

3. Proposed two-tiered proposed protective orders also need to define with sufficient particularity the kinds of information that will qualify a document for designation as or "Attorneys Eyes Only."

4. The proposed protective order invariably contains provisions identifying the classes of persons to whom protected information may be disclosed, and requiring that all persons to whom protected information is disclosed sign a confidentiality agreement. Frequently, the listing of persons to whom protected information may be disclosed includes the Court and court personnel, and the proposed protective order fails to exclude the Court and court personnel from the requirement to sign a confidentiality agreement. The parties need to make clear that such a requirement does not apply to the Court or court personnel.

5. It is the custom and practice of the Central District of California for the assigned Magistrate Judge to issue protective orders relating to discovery. Sometimes the proposed protective order speaks in terms of what the parties and persons to whom protected information is disclosed are "enjoined" from doing. The proposed protective order should not use the word "enjoined" since Magistrate Judges lack jurisdiction to issue injunctive relief under 28 U.S.C. § 636(b)(1)(A).

6. Frequently, the proposed protective order purports to authorize in advance the filing under seal of documents containing protected information.

However, neither the fact that counsel have stipulated to an under seal filing nor the fact that a proposed filing contains information that one of the parties elected to designate as "Confidential" or "Attorneys Eyes Only" in accordance with the terms of the protective order is sufficient in itself for the Court to find that good cause exists to file the papers or the portion containing the designated information under seal. At the very least, the parties will need to convince the Court in their application that protection clearly is warranted for the designated information or documents. For declarations with exhibits, this means making the requisite showing on an exhibit by exhibit basis. In accordance with Local Rule 79-5.1, the provision in question should provide that, if any papers to be filed with the Court contain protected information, the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the protected information (if such portion is segregable) under seal; and that the application shall be directed to the judge to whom the papers are directed. For motions, the parties should also file a redacted version of the motion and supporting papers.

7. Sometimes, the proposed protective order purports also to apply to evidence presented at court proceedings and/or trial. The proposed protective order should not include any provisions relating to evidence presented at court proceedings and/or trial. The parties will need to take up that matter with the judicial officer conducting the proceeding at the appropriate time.

8. Sometimes (most likely when lead counsel for both sides are non-local attorneys), the proposed protective order specifies a procedure for resolving disputes over the designation of documents which does not comport with the requirements under Local Rules 37-1 and 37-2 governing discovery disputes (including the requirement that the parties file a Joint Stipulation concerning the matters in dispute).

9. Sometimes, the proposed protective order contains a provision that purports to restrict or limit the rights of the parties in another action to conduct discovery or the subpoena power of another court (e.g., a provision that contains a 21-day no disclosure requirement). The proposed protective order should contain a provision to the following effect: "Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action."

10. Sometimes, the proposed protective order specifies that any violation of its terms "**will** constitute contempt of Court," as opposed to "**may** constitute contempt of Court."

11. Frequently, the proposed protective order contains a provision which provides that it may be modified on the stipulation of the parties. The proposed protective order needs to make clear that no modification by the parties shall have the force or effect of a Court order unless the Court approves the modification.